Filed: 6/12/2020 1:08 PM
Teresia Coker
District Clerk
Anderson County, Texas
Stephanie Cook

DCCV20-1808-369

CAUSE NO. _____

| | | |
|---|---|---|
| SHONNA ORCUTT, INDIVIDUALLY, | * | IN THE DISTRICT COURT |
| AND AS NEXT FRIEND TO AYDEN | * | |
| BLACKBURN, a child, ARIANNA | * | |
| BLACKBURN, a child, ARLAN | * | |
| BLACKBURN, a child, and ALEX | * | |
| BLACKBURN, a child, | * | |
| AND AS SURVIVOR SPOUSE OF SPENCER | * | \_\_\_ JUDICIAL DISTRICT |
| BLACKBURN, DECEASED | * | |
| | * | |
| VS. | * | |
| | * | |
| MINNESOTA LIFE INSURANCE COMPANY | * | ANDERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

COMES NOW, Plaintiffs, SHONNA ORCUTT, individually, and as next of friend to AYDEN BLACKBURN, a child, ARIANNA BLACKBURN, a child, ARLAN BLACKBURN, a child, and ALEX BLACKBURN, a child, and as next of friend to Spencer Blackburn, deceased, (hereinafter collectively referred to as "Plaintiffs"), by and through their attorneys, hereby complain and allege against Defendant, MINNESOTA LIFE INSURANCE COMPANY, an Minnesota based corporation, hereinafter referred to as "Defendant" and shows the following:

### THE PARTIES

1. Plaintiff, *Shonna Orcutt*, is the widow of the deceased, Spencer Blackburn, and resides at 126 Quail Drive, Sportsmen Acres, OK 74361.

2. Plaintiffs, *Ayden Blackburn, Arianna Blackburn, Arlan Blackburn, and Alex Blackburn,* are all children of the deceased, Spencer Blackburn, and reside with their mother, Shonna Orcutt at 126 Quail Drive, Sportsmen Acres, OK 74361.

3. Defendant, *Minnesota Life Insurance Company*, is and was at all times relevant hereto, an insurance company, having its principal place of business in St. Paul, Minnesota, and qualified and registered to do business in the State of Texas. Defendant may be served with process by and through its registered agent: *CORPORATION SERVICE COMPANY, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218.*

4. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant, Minnesota Life Insurance Company, are not completely known to Plaintiffs at this time, who therefore sue said Defendant by such name. Plaintiffs believes and therefore alleges, that Defendant may be associated with other associated affiliates that may be responsible in some manner for the events and occurrences referred to in this complaint, and/or owes money to Plaintiffs. Plaintiffs will ask leave of the Court to amend this Complaint and insert the true names and capacities of Defendants when the same have been ascertained, if any, and to join said Defendant in this action.

5. The underlying accident which is the subject matter of this lawsuit occurred in Anderson County, Texas and the subject insurance policy was issued by Defendant Minnesota Life Insurance Company in Texas to the Plaintiff, Spencer Blackburn.

## JURISDICTION AND VENUE

6. Plaintiffs incorporate the preceding paragraphs of this complaint as though said paragraphs were fully set forth at this point herein.

7. Venue is proper in this district court because the automobile accident that is the subject matter of this lawsuit occurred in Anderson County, Texas Plaintiff, Spencer

Blackburn, who was the insured in said accident at the time of the accident, was a resident of Anderson County, Texas at the time of his death. Defendant, Minnesota Life Insurance Company, the insurer of Plaintiff, Spencer Blackburn was registered and doing business in the State of Texas.

8. This action involves a written insurance contract issued in Texas to be performed in Texas and thus jurisdiction and venue are properly before this Court.

## GENERAL ALLEGATIONS

9. Plaintiffs incorporate the preceding paragraphs of this Complaint as though said paragraphs were fully set forth at this point herein.

10. On June 13, 2016, the weather had been bad in Anderson County, Texas. It had consistently rained the day before and all night long up until the morning of June 13, 2016. It was still raining heavy when Plaintiff, Spencer Blackburn, woke up around 4:00 a.m. that morning and started to get ready for his job. The driving conditions were hazardous as the roads were wet and holding water. Unbeknownst to Plaintiff, Spencer Blackburn, of how bad the road conditions were, while on his way to work, Mr. Blackburn cautiously made his way around a country curve on Spur 324 in Anderson County, Texas and drove into deep standing water. Plaintiff lost control of the vehicle, slid off the road and flipped upside down, landing in Spring Creek where he was trapped inside his vehicle under a 4 foot deep, and 200 yards wide creek bed. The water was so high it covered Spencer Blackburn's vehicle completely up where nobody could even see it if they were to drive by the accident scene. In fact, first responders set up barricades for the area later that morning not even knowing that

Spencer Blackburn's vehicle was submerged in the water at the creek. However, at around noon that day, a passerby saw a part of the overturned vehicle when the water began to recede. At that time, the Tennessee Colony Volunteer Fire Department were notified but were unable to come to the scene as they were removing equipment, walls and floors damaged by the flood, so they notified DPS. It was at that time, when the emergency personnel were able to make it out to the accident scene, that Plaintiff Spencer Blackburn was finally found. Judge Carl Davis of Anderson County, Texas pronounced Spencer Blackburn dead at 1:20 p.m. on 6/13/2016.

11. At the time of the accident, Plaintiff Spencer Blackburn was married to Plaintiff Shonna Orcutt and had four children, Ayden (4 y.o), Arianna (3 y.o.), Arlan (2 y.o.), Alex (7 mo.). Additionally, at the time of his death, he worked for the Texas Department of Corrections as a correctional officer.

12. Prior to the auto collision, Plaintiff had an accidental death benefit with Minnesota Life Insurance Company which provided death benefits to the employees of the Texas Department of Criminal Justice.

13. Following the auto collision that caused the death of Spencer Blackburn, Plaintiff's wife and children demanded the death insurance proceeds to be tendered.

14. Defendant refused to make payment to Plaintiffs for the death benefits.

15. Defendant's refusal to make payment to Plaintiffs was made without a reasonable basis in fact or law.

16. Defendant's refusal to make payment to Plaintiffs was made in bad faith and for the purpose of denying the benefits of contract for death benefits.

17. Defendant's refusal to make payment to Plaintiffs was an unlawful attempt to force Plaintiffs to receive no accidental death benefits under the policy.

18. Defendant owed Plaintiffs the following duties among others:

    a. A duty to honor the accidental death benefits contract for the entire policy amount;

    b. A duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiffs against Defendant;

    c. A duty to evaluate the Plaintiffs' claims fairly;

    d. A duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is really clear;

    e. A duty to act promptly and reasonably in settling the claim;

    f. A duty not to reject a reasonable and fair offer of settlement;

    g. A duty not to put its insured through unnecessary litigation;

    h. A duty not to put its insured's assets at risk;

    i. A duty to refrain from action that would injure the Plaintiff's insured ability to obtain the benefits of the insurance company; and

    j. A duty of good faith and fair dealings.

19. Upon information and belief, the Plaintiffs allege that Defendant Minnesota Life Insurance Company breached its duties owed to Plaintiffs by:

    a. failing to honor the accidental death benefit contract for the entire policy amount;

b.  failing to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Plaintiffs against Defendant;

c.  failing to evaluate the Plaintiffs' claims fairly;

d.  failing to tender the claims/policy limits;

e.  failing in good faith to attempt effectuate a prompt, fair and equitable settlement of the claim;

f.  not making any reasonable settlement offers for the claims;

g.  failing to accept reasonable offers and fair offers of settlement;

h.  putting its insured's assets at risk;

i.  putting its insured through unnecessary litigation; and

j.  failing to pay any reasonable portion of the insurance coverage to Plaintiffs herein.

20. As a direct and approximate result of Defendant's breaches of its duties that it owed to its insured, the Plaintiffs have been deprived of the benefits to which they were entitled and for which they bargained in the insurance contract, and were forced to incur expenses to obtain the benefits to which they were otherwise entitled and Plaintiffs have otherwise been damaged in amounts to be determined at trial.

21. Defendant's actions herein constitute bad faith insurance practices.

The court should enter a declaratory judgment, that Defendant must pay its policy limits to Plaintiffs herein, in order to satisfy the damages sustained by Plaintiffs in the underlying accident.

21. Plaintiffs have been required to engage the services of attorneys, and accordingly, have incurred attorneys' fees and costs to bring this action.

## *BREACH OF CONTRACT*

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.
2. There is a valid and existing insurance agreement between Plaintiffs and Defendant.
3. Plaintiffs performed or were excused from performance under the agreement.
4. Defendant breached the agreement by *inter alia* refusing to properly compensate Plaintiffs.
5. Plaintiffs sustained damages in excess of the life insurance policy limits as a result of Defendant's breach of the agreement.
6. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

## *CONTRACTUAL BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING*

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.
2. There is implied in every contract a covenant of good faith and fair dealing.
3. Plaintiff and Defendant entered into a valid and existing insurance agreement.
4. Defendant owed Plaintiffs a duty of good faith and fair dealing.
5. As an insurer, Defendant owed Plaintiffs breached its duty of good faith and fair dealing by inter alia, refusing to properly compensate.

6. Plaintiffs sustained damages in excess of the life insurance policy limits as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

7. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

### TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. There is implied in every contract a covenant of good faith and fair dealing.

3. Plaintiff and Defendant entered into a valid and existing insurance agreement which included a life insurance policy.

4. Defendant owed Plaintiffs a duty of good faith and fair dealing.

5. As an insurer, Defendant owed Plaintiffs a fiduciary like duty and there was a special element of reliance by Plaintiffs.

6. Defendant breached its duty of good faith and fair dealing by inter alia, refusing to properly compensate Plaintiffs.

7. Plaintiffs sustained damages in excess of the life insurance policy limits as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

8. Plaintiffs are further entitled to punitive damages as a result of Defendant's breach of the implied covenant of good faith and fair dealing.

9. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

## *BAD FAITH*

1. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

2. The acts and omissions of Defendant as complained of herein, and yet to be discovered in this matter, constitute bad faith.

3. Plaintiffs sustained damages in excess of the life insurance policy limits as a result of Defendant's bad faith.

4. Plaintiffs are further entitled to punitive damages as a result of Defendant's bad faith.

5. Plaintiffs have been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

Plaintiffs seek an amount of ONE MILLION DOLLARS ($1,000,000.00) for damages in this lawsuit suit.

WHEREFORE, Plaintiffs pray for judgment against the named Defendant and each of them, if more than one, jointly and severally as follows:

1. For general damages in an amount in excess of the policy limits;

2. For special damages in an amount in excess of the policy limits;

3. For punitive damages in an amount to be determined at trial;

4. For reasonable attorney's fees and costs of suit;

5. For interest at the statutory rate; and

6. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: *Mark W. Cargill*
Mark W. Cargill
Texas Bar No. 00787201
Jeff Coe
Texas Bar No.: 24001902
Email: cargill.christina@yahoo.com
701 N. Elm
Palestine, Texas 75801
Tel. (903) 729-8011
Fax. (903) 729-5112
Attorney for Plaintiffs